IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN JOSEPH GROVER,<br><br>    Plaintiff,<br><br>v.<br><br>CAMDEN COUNTY CORRECTIONAL FACILITY, OFFICER STEPHEN PRATT, OFFICER BRYAN CONWAY, OFFICER JOHN KRIMMEL and SGT. DAVID DOLSON,<br><br>    Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-9428(JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Steven Joseph Groover, Plaintiff Pro Se
232 Market Street, Apt. A
Gloucester City, NJ 08030

**SIMANDLE, District Judge:**

I. **INTRODUCTION**

    1.    Plaintiff Steven Joseph Groover seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against Camden County Correctional Facility ("CCCF"), Officer Stephen Pratt ("Pratt"), Officer Bryan Conway ("Conway"), Officer John Krimmel ("Krimmel"), and Sgt. David Dolson ("Dolson") (Pratt, Conway, Krimmel, and Dolson are referred to collectively in this Opinion as the "Individual Defendants") for allegedly unconstitutional conditions of confinement. (Complaint, Docket Entry 1.)

2. At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## II. BACKGROUND

3. The following factual allegations are taken from the Complaint and are accepted for purposes of this screening only. The Court has made no findings as to the truth or merits of any of Plaintiff's allegations in the Complaint.

4. Plaintiff alleges he endured unconstitutional conditions of confinement in CCCF due to an overcrowded and unsanitary facility where he was denied medical care. (Complaint § III(C) ("I was forced to sleep on the floor in a jail cell with 3 other inmates. During that time I had to be treated in the medical dept. for a staff [sic] infection or MRSA due to having to live in unsanitary conditions and overcrowded jail cells being a health hazard").)

5. Plaintiff alleges that these events occurred during "1-3-14 until 5-17-14[,] 9-23-15 until 11-7-15[,] 2-8-16 until 2-18-16[,] 8-8-16 until 10-12-16[,] [and] 7-20-13 until 10-20-13." (*Id.* § III(B).)

6. Plaintiff alleges that he developed MRSA from the CCCF housing conditions of which he complains. (*Id.* § IV.)

7. Plaintiff "would like the court to step in and make changes so that other inmates do not have to live under the same conditions that I did" and "would like the court to award me the maximum monetary compensation that is allowed by law." (*Id*. § V.)

III. **STANDARD OF REVIEW**

8. Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

9. To survive *sua sponte* screening,[1] the Complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)).

3

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). While *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## IV. DISCUSSION

### A. Claims Against CCCF: Dismissed With Prejudice

10. Plaintiff brings this action pursuant to 42 U.S.C. § 1983[2] for alleged violations of Plaintiff's constitutional rights. To state a claim for relief under § 1983, a plaintiff must allege: (a) the violation of a right secured by the Constitution or laws of the United States; and (b) that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

11. CCCF, who is the Complaint's named defendant, is not a "person" within the meaning of § 1983. *See Will v. Michigan*

---

[2] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

*Dep't of State Police*, 491 U.S. 58, 71 (1989); *Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983"); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983).

12. Given that CCCF is not a "person" for § 1983 purposes, the Complaint's claims against CCCF must be dismissed with prejudice.

   **B.   Conditions Of Confinement Claims**

   **1. Overcrowding Claim: Dismissed Without Prejudice**

13. The Complaint states: "I was forced to sleep on the floor in a jail cell with 3 other inmates . . . [It was] a cell designed for 2 inmates, but that cell housed myself and 3 others for the majority of my stay." (Complaint §§ III(C), IV (referred to as Plaintiff's "Overcrowding Claim").)

14. The Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation from overcrowding has occurred in order to survive this Court's review under § 1915.

15. The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (double-celling by itself

5

did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shock the conscience and violate due process rights. *Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them") (citing *Union Cnty. Jail Inmates v. DiBuono*, 713 F.2d 984, 992 (3d Cir. 1983) (quoting *Bell*, 441 U.S. at 542)).

16. Here, the Complaint's cursory contentions regarding "a cell designed for 2 inmates that housed myself and 3 others" (Complaint § IV) do not meet the pleading requirements to state a plausible cause of action for unconstitutional overcrowding. The Overcrowding Claim is therefore dismissed without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

### 2. **Inadequate Medical Care Claim: Dismissed Without Prejudice**

17. Plaintiff claims that he developed "a staff [sic] infection or MRSA due to having to live in unsanitary conditions

and overcrowded jail cells." (Complaint § III(C).) He states that he "was called down to medical" in response to his "[written request] slips to the medical dept," but that "the wound was barely cleaned" and he "was sent back to my housing area" despite his requests "to be quarantined." (*Id.*(referred to as Plaintiff's "Inadequate Medical Care Claim").)

18. The Complaint does not allege sufficient facts supporting a reasonable inference that a constitutional violation from inadequate medical care has occurred.

19. The Due Process Clause of the Fourteenth Amendment applies to pretrial detainees' claims of inadequate medical care. *Bocchino v. City of Atlantic City*, 179 F. Supp.3d 387, 403 (D.N.J. 2016). In the context of a claim for violation of the right to adequate medical care, a pretrial detainee must allege the following two elements: (a) a serious medical need; and (b) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

20. To satisfy *Estelle*'s first prong, an inmate must demonstrate that his medical needs are serious. *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (internal quotations and citations omitted).

21. *Estelle*'s second element is subjective and "requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need." *Holder v. Merline*, No. 05-1024, 2005 WL 1522130, at *4 (D.N.J. June 27, 2005) (citing *Natale*, 318 F.3d at 582).

22. Here, Plaintiff's cursory criticisms of his medical care during incarceration -- "the [MRSA] wound was barely cleaned" [and] I was given a few bandaids, gauze, and tape" (Complaint §§ III(C), IV) -- are insufficient to establish a Fourteenth Amendment inadequate medical care claim. While MRSA may constitute a serious medical need based upon the severity of one's infection, Plaintiff does not specify the duration of his infection, when the infection arose, the manner in which his condition purportedly "worsen[ed]" (*id*. at § III(C)), the particular living condition at CCCF in which the infection was supposedly contracted, or the specific medical care he contends that CCCF denied to him. Even more significant than the Complaint's omissions, however, is Plaintiff's acknowledgment that CCCF *did* "call [him] down to medical" in response to his "[written] slips to the medical dept" (*id*.) and that the jail *did* give him treatment, including prescription medication. (*Id*. §§ III, IV.) These facts negate any reasonable inference of "deliberate indifference" to Plaintiff's medical condition. Accordingly, the Inadequate Medical Care Claim is dismissed

8

without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

### 3. Uncleanly Conditions Claim: Dismissed Without Prejudice

23. Plaintiff vaguely alleges "unsanitary conditions being a health hazard" at CCCF. (Complaint § III(C) (referred to as Plaintiff's "Uncleanly Conditions Claim").)

24. The Complaint does not allege sufficient facts to satisfy either the objective or subjective components of the Fourteenth Amendment Due Process analysis pertinent to the Uncleanly Conditions Claim, as explained below.

25. A failure of prison officials to provide minimally civil conditions of confinement to pre-trial detainees violates their right not to be punished without due process of law. *Reynolds v. Wagner*, 128 F.3d 166, 173-74 (3d Cir. 1997). Pursuant to the Fourteenth Amendment's Due Process Clause, prison officials must satisfy "basic human needs -- *e.g.*, food, clothing, shelter, medical care, and reasonable safety." *Helling v. McKinney*, 509 U.S. 25, 32 (1993). When a pretrial detainee complains about the conditions of his confinement, courts are to consider, in accordance with the Fourteenth Amendment, whether the conditions "amount to punishment prior to an adjudication of guilt in accordance with law." *Hubbard v. Taylor*, 399 F.3d 150, 158 (3d Cir. 2005). Courts must inquire as to whether the

conditions "'cause [detainees] to endure [such] genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them.'" *Id*. at 159-60 (citations omitted).

26. The objective component of this unconstitutional punishment analysis examines whether "the deprivation [was] sufficiently serious," and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007) (citing *Bell*, 441 U.S. at 538-39, n.20), *cert. denied*, *Phelps v. Stevenson*, 552 U.S. 1180 (2008).

27. Here, Plaintiff's Uncleanly Conditions Claim does not satisfy either the objective or subjective components of the Fourteenth Amendment Due Process analysis.

28. As to the test's objective prong, Plaintiff does not offer any facts demonstrating that he was subjected to genuine privation and hardship over an extended period of time. While unsanitary living conditions may give rise to a conditions of confinement claim, the Complaint here expresses nothing but Plaintiff's displeasure with less than perfect jail conditions.

29. As to the constitutional test's subjective prong, Plaintiff has failed to allege facts showing, or from which this Court could infer, that any CCCF personnel were aware of, and disregarded, a substantial risk to his health and safety from

uncleanly conditions. Plaintiff's generalized displeasure with conditions is not actionable; there are no facts indicating any jail personnel acted with a culpable state of mind. Plaintiff has not offered facts plausibly suggesting that "unsanitary" (Complaint § III(C)) conditions were imposed by CCCF as "punishment."

30. Accordingly, the Uncleanly Conditions Claim is dismissed without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

### 4. Claims Against The Individual Defendants: Dismissed Without Prejudice

31. Plaintiff contends that the Individual Defendants saw the purportedly unconstitutional conditions complained of in the Complaint, but he does not allege any personal action or involvement by any of the Individual Defendants in causing those conditions. (Complaint § III(C).)

32. The Complaint's failure to "allege[] any personal involvement by [the Individual Defendants] in any constitutional violation [is] a fatal flaw, since 'liability in a § 1983 suit cannot be predicated solely on the operation of *respondeat superior*.'" *Baker v. Flagg*, 439 F. App'x 82, 84 (3d Cir. 2011) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has

violated the Constitution." *Bob v. Kuo*, 387 F. App'x 134, 136 (3d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). Here, though, Plaintiff's conditions of confinement claims do not set forth constitutionally cognizable claims in the first place, as explained earlier in this Opinion. Furthermore, the Complaint does not set forth any particular allegations against the Individual Defendants at all. (Complaint § III(C).)

33. Therefore, Plaintiff's claims against the Individual Defendants are dismissed without prejudice.

34. As to Plaintiff's three conditions of confinement claims (i.e., Overcrowding, Inadequate Medical Care, and Uncleanly Conditions) and claims against the Individual Defendants, he may be able to amend the Complaint to particularly identify adverse conditions that were caused by specific state actors, that caused Plaintiff to endure genuine privations and hardship over an extended period of time, that were excessive in relation to their purposes, that exhibited deliberate indifference by prison personnel to a serious medical need, and/or that posed a substantial risk to his health and safety. To that end, the Court shall grant Plaintiff leave to

amend the Complaint within 30 days after the date that this Opinion and Order are entered on the docket.[3]

35. Plaintiff is further advised that any amended complaint must plead specific facts regarding the overcrowded conditions of confinement, inadequate medical care, and unclean living conditions. In the event Plaintiff files an amended complaint, Plaintiff must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.[4]

36. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane,

---

[3] The amended complaint shall be subject to screening prior to service.

[4] To the extent the Complaint seeks relief for conditions Plaintiff encountered prior to December 21, 2014, those claims are barred by the statute of limitations. Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the action is based.' " *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)). Therefore, in the event Plaintiff elects to file an amended complaint, he should limit his complaint to events and conditions during confinements from which he was released after December 21, 2014.

Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

37. The Court further advises Plaintiff that he was one of thousands of members of a certified class in the case on this Court's docket entitled, *Dittimus-Bey v. Camden County Correctional Facility*, Civil No. 05-cv-0063 (JBS), which was a class action case. The class plaintiffs were all persons confined at the Camden County Correctional Facility ("CCCF"), as either pretrial detainees or convicted prisoners, at any time from January 6, 2005 until June 30, 2017. The class of plaintiffs sought injunctive and declaratory relief about unconstitutional conditions of confinement at the CCCF involving overcrowding. That class action did not involve money damages for individuals. A proposed final settlement of that case, which describes the settlement in detail, was preliminarily approved on February 22, 2017. Various measures undertaken in several Consent Decrees under court approval reduced the jail population to fewer prisoners than the intended design capacity for the

jail. This greatly reduced or eliminated triple and quadruple bunking in two-person cells, as explained in the Sixth and Amended Final Consent Decree, which continues those requirements under court supervision. According to the Notice to all class members that was approved in the *Dittimus-Bey* case on February 22, 2017, any class member could object to the proposed settlement by filing an objection in the *Dittimus-Bey* case before April 24, 2017. A court hearing occurred on May 23, 2017, at which objections were to be considered. This Court finally approved the *Dittimus-Bey* settlement on June 30, 2017, and that settlement bars Plaintiff and other class members from seeking injunctive or declaratory relief for the period of time from January 6, 2005 through June 30, 2017, but the settlement did not bar any individual class member from seeking money damages in an individual case. In other words, the Final Consent Decree in *Dittimus-Bey* did not adjudicate or deal with any individual money damage claims. Indeed, claims for money damages were not sought in *Dittimus-Bey* and inmates were free to pursue individual claims for monetary relief under 42 U.S.C. § 1983 by filing an individual complaint.

38. Plaintiff, a class member in *Dittimus-Bey*, is bound by that case's final judgment in which class members are deemed to release claims for injunctive and declaratory relief against Camden County and its officers and employees through the final

judgment date of June 30, 2017. This means that Plaintiff, like all class members, can no longer obtain injunctive relief beyond that authorized in the Consent Decree for jail conditions during the class period. But that litigation did not involve individual inmates' or detainees' claims or class claims for money damages, which must be sought and proved on an individual claim basis.

## V. CONCLUSION

For the reasons stated above:

(1) the Complaint's claims against CCCF are dismissed with prejudice;

(2) the Complaint's conditions of confinement claims as to (a) overcrowding, (b) inadequate medical care, and (c) unclean living space are dismissed without prejudice for failure to state a claim, 28 U.S.C. § 1915(e)(2)(b)(ii); and

(3) the Complaint's claims against the Individual Defendants are dismissed without prejudice for failure to state a claim, 28 U.S.C. § 1915(e)(2)(b)(ii).

An appropriate order follows.

April 23, 2018          s/ Jerome B. Simandle
Date          JEROME B. SIMANDLE
         U.S. District Judge